IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KATHYA M.,<br><br>   Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.<br><br>   Respondents. | Case No. 26-cv-00587-SRB-EMB |

## ORDER

  Before the Court is Petitioner Kathya M.'s ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition"). (Doc. #1.) Petitioner is a resident of Minneapolis, Minnesota and a citizen of Nicaragua. Petitioner has lived in the United States since April 2023. Petitioner has a pending asylum application and a valid work permit. Petitioner does not have a final order of removal. On January 22, 2026, Respondent Immigration and Customs Enforcement ("ICE") arrested Petitioner.

  In part, the Petition alleges that "Respondents violate the Immigration and Nationality Act by attempting to apply mandatory detention through 8 U.S.C. § 1225(b)(2), to Petitioner. Petitioner was nowhere near the border and was not 'seeking admission.'" (Doc. #1, ¶ 39.) Petitioner alleges that any detention would be subject to the requirements of § 1226. In an Order dated January 23, 2026, the Court issued a Show Cause Order which directed Respondents "to file an answer to the petition for a writ of habeas corpus of petitioner Kathya [M.] by no later than January 26, 2026[.]" (Doc. #4, p. 1.) Respondents filed their response to the Petition on January 26, 2026. In part, Respondents argue this case "does not depend on the contested interpretation of § 1225(b)(2) but instead follows from a plain text analysis of § 1225(b)(1)." (Doc. #8, p. 1.)

According to Respondents, habeas relief is not warranted because Petitioner "was initially paroled, and then applied for asylum, resulting in her mandatory detention 'for further consideration of the application for asylum'" under § 1225(b)(1).  (Doc. #8, p. 1.)

Upon review of the record and the parties' briefs, and for the reasons explained by Petitioner, the Court finds that "Respondents [have] fail[ed] to explain why the Petitioner's circumstances bring her within the scope of § 1225(b)(1) or which of the two provisions justify her current detention. . . . Petitioner is not subject to expedited removal and mandatory detention under any provision of 1225(b)(1)." (Doc. #11, pp. 3-7.)

The Court further finds that Petitioner is not subject to § 1225(b)(2).  In particular, the Court rejects Respondents' argument that Petitioner is "seeking admission" because of her ongoing asylum case.  (Doc. #8, p. 8.)  "It is well established in the District of Minnesota to be seeking admission under section 1225(b)(2) 'means to be seeking entry, which 'by its own force implies a coming from outside.'"  (Doc. #11, p. 7) (citing and quoting *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), p. 5 (D. Minn. Jan. 7, 2026)).  Because Petitioner has been residing in the United States, she is not "seeking admission" into the United States.  *Id.*  "Even by applying for asylum, a noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful entry into the United States, because the entry, whether lawful or unlawful, occurred years ago."  *Id.* (citations and quotation marks omitted).

For the foregoing reasons, and the reasons stated by Petitioner, Petitioner's detention falls under § 1226 and not § 1225.  Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General."  8 U.S.C. § 1226(a).  "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)."  *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (citing and quoting

cases). "Release is an available and appropriate remedy for detention that lacks a lawful predicate." *Id.* (citation and quotation marks omitted) (cleaned up). Because Respondents have not argued the existence of, or produced, a warrant directed to Petitioner, Petitioner is entitled to habeas relief and to be released from detention.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Kathya M.'s Verified Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Government is **ORDERED** immediately to release Kathya M. from custody; and

3. The Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner has not been returned as ordered, Respondents should immediately notify the Court of when she will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: January 29, 2026                              *s/Stephen R. Bough*
                                                    Stephen R. Bough
                                                    United States District Judge